IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

                          No. 1:08-cr-01680-PJK-1

VERNON LEE BAKER,

       Defendant.

COURT'S INSTRUCTIONS TO THE JURY

INSTRUCTION NO.  1

Members of the Jury:

In any jury trial there are, in effect, two judges.  I am one of the judges, you are the other.  I am the judge of the law.  You, as jurors, are the judges of the facts.  I presided over the trial and decided what evidence was proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case–for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return.  These instructions will be given to you for use in the jury room, so you need not take notes.

INSTRUCTION NO.   2

You, as jurors, are the judges of the facts.  But in determining what actually happened–that is, in reaching your decision as to the facts–it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took.

INSTRUCTION NO.  3

The defendant is on trial before you upon a superceding indictment brought by the grand jury charging as follows:

SUPERCEDING INDICTMENT

On or about June 4, 2008, in Bernalillo County, in the District of New Mexico, the defendant, VERNON LEE BAKER, a person who had been convicted of [a] felony crime[] punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting commerce, a firearm, a Mossberg, Maverick Arms model 88, 12 gauge shotgun, serial number MV38998L, and ammunition, approximately four rounds of Remington brand 12 gauge slug ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

INSTRUCTION NO.   4

The indictment or formal charge against a defendant is not evidence of guilt.  The defendant is presumed to be innocent.  The government has the burden of proving the defendant guilty beyond a reasonable doubt.  The law does not require a defendant to prove his innocence or produce any evidence at all.  The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.  A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

INSTRUCTION NO.   5

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

INSTRUCTION NO.   6

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

INSTRUCTION NO. _7_

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was.  In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome in this case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he/she testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail.  And you should keep in mind that innocent misrecollection–like failure of recollection–is not uncommon.

The defendant did not testify and I remind you that you cannot consider his

decision not to testify as evidence of guilt.  You must understand that the Constitution of the United States grants to a defendant the right to remain silent.  That means the right not to testify.  That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify.

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

INSTRUCTION NO.   7A

The government must prove, beyond a reasonable doubt, that the offense charged in this case was actually committed and that it was the defendant who committed it. Thus, the identification of the defendant as the person who committed the offense charged is a necessary and important part of the government's case.

You should evaluate the credibility of any witness making an identification in the same manner as you would any other witness.  You should also consider at least the following questions:

Did the witness have the ability and an adequate opportunity to observe the person who committed the offense charged?  You should consider, in this regard, such matters as the length of time the witness had to observe the person in question, the lighting conditions at that time, the prevailing visibility, the distance between the witness and the person observed, and whether the witness had known or observed the person before.

Is the testimony about an identification made after the commission of the offense the product of the witness's own recollection?  In this regard, you should consider very carefully the circumstances under which the later identification was made, including the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the crime and the witness's subsequent identification.

If, after examining all of the testimony and evidence in this case, you have a reasonable doubt as to the identity of the defendant as the person who committed the offense charged, you must find the defendant not guilty.

INSTRUCTION NO.   8

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were brought to your attention only to help you decide how believable the witness's testimony in this trial was.  You cannot use them as proof of anything else.  You can only use them as one way of evaluating the witness's testimony here in court.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

INSTRUCTION NO.  9

During the trial you heard the testimony of various expert witnesses.  In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion.  You should consider opinion testimony just as you consider other testimony in this trial.  Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

INSTRUCTION NO.   10

You will note that the indictment charges that the crime was committed on or about a certain date.  The government does not have to prove that the crime was committed on the exact date stated, but is required to prove beyond a reasonable doubt that the defendant committed the crime reasonably near the date stated in the indictment.

INSTRUCTION NO.  11

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged.  The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged.  The fact that another person *also* may be guilty is no defense to a criminal charge.

The question of the possible guilt of others should not enter your thinking as you decide whether this defendant has been proved guilty of the crime charged.

INSTRUCTION NO.   12

      If you find the defendant guilty, it will be my duty to decide what the punishment

will be.  You should not discuss or consider the possible punishment in any way while

deciding your verdict.

INSTRUCTION NO.  13

The defendant is charged with a violation of 18 U.S.C. section 922(g)(1).

This law makes it a crime for any person who has been previously convicted in any court of a felony to knowingly possess any firearm or ammunition, in or affecting interstate commerce.

To find the defendant guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:        The defendant knowingly possessed a firearm or ammunition;

*Second*:     The defendant was convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year, before he possessed the firearm or ammunition; and

*Third*:       Before the defendant possessed the firearm or ammunition, the firearm or ammunition had moved at some time from one state to another.

The term "firearm" means  (A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; or (B) the frame or receiver of any such weapon; or (C) any firearm muffler or firearm silencer; or (D) any destructive device.  A firearm, however, does not include an antique firearm.

INSTRUCTION NO.   14

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident.

INSTRUCTION NO.   14A

The law recognizes two kinds of possession: actual possession and constructive possession.  A person who knowingly has direct physical control over an object or thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has the power at a given time to exercise dominion or control over an object, either directly or through another person or persons, is then in constructive possession of it.

INSTRUCTION NO.  15

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia. Commerce includes travel, trade, transportation and communication.

INSTRUCTION NO.  16

The phrase "in and affecting commerce" includes commerce between any place in a state or territory and any place outside that state or territory.

The government may meet its burden of proof on the question of being "in and affecting commerce" by proving to you, beyond a reasonable doubt, that the firearm or ammunition identified in the indictment, at any time, had traveled across a state or territorial boundary line.  It is not necessary that the government prove that the defendant himself carried or transported the firearm across the state or territorial boundary line.

INSTRUCTION NO. __17__

In a moment, the court security officer will escort you to the jury room and provide copies of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges–judges of the facts.  You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.  The form of verdict states:

WE, the jury, find the defendant, Vernon Lee Baker,

_____  as charged in the superceding indictment.
(guilty or not guilty)

The foreperson will write the unanimous answer of the jury provided, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict and notify the court security officer that you have reached a verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the court to respond to your message.  Under no circumstances should you reveal to me the numerical division of the jury.

INSTRUCTION NO.  18

If you want to communicate with me at any time during your deliberations, please write down your message or question and give it to the court security officer, who will bring it to my attention.  I will respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally.  If I reply to your message in writing, please leave both the message and my reply in the jury room–they should not be thrown away, even at the conclusion of your deliberations.  Likewise, the jury instructions must be left in the jury room at the conclusion of your deliberations.

I again caution you, however, that with any message or question you might send, you should not tell me any details of your deliberations or indicate how many of you are voting in a particular way on any issue.

Let me remind you again that nothing I have said in these instructions, nor anything I have said or done during the trial and sentencing proceedings, was meant to suggest to you what I think your decision should be.  That is your exclusive responsibility.

Members of the Jury:

You may now begin your deliberations.

DATED this <u>20th</u> day of April, 2011, at Albuquerque, New Mexico at 4:38 pm.

_____          *Paul Kelly Jr.*
                                              United States Circuit Judge
                                              Sitting by Designation

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

VERNON LEE BAKER,

      Defendant.

No. 1:08-cr-01680-PJK-1

**VERDICT**

WE, the jury, find the defendant, Vernon Lee Baker,

_____ as charged in the superceding indictment.
(guilty or not guilty)

DATED this \_\_\_ day of April 2011, at Albuquerque, New Mexico.

_____

_____Foreperson