IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br>vs.<br><br>VERNON LEE BAKER,<br><br>     Defendant. | No. 1:16-cv-00715-PJK-GBW<br>No. 1:08-cr-01680-PJK-1 |

ORDER ADOPTING PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION OF THE MAGISTRATE JUDGE

THIS MATTER comes on for consideration of Vernon Lee Baker's Objections to the Magistrate Judge's Report and Recommendation filed December 15, 2016 (Doc. 11, 1:16-cv-00715-PJK-GBW). In accordance with 28 U.S.C. § 636(b)(1)(B), this case was referred to Magistrate Judge Gregory B. Wormuth who recommended that Mr. Baker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 be denied and the case be dismissed with prejudice. (Doc. 9, 1:16-cv-00715-PJK-GBW; Doc. 163, 1:08-cr-01680-PJK-1).

Essentially, Mr. Baker argues that his prior New Mexico convictions for Armed Robbery and Aggravated Battery (Deadly Weapon) do not constitute "violent felonies" under the ACCA because (1) robbery does not require a sufficient degree of force or the force may be directed against an object rather than a person, and (2) aggravated battery

(deadly weapon) could be committed by an unlawful touching of one person with a weapon while intending to injure another.  Mr. Baker also argues that the magistrate judge improperly relied upon cases involving the Sentencing Guidelines to interpret the ACCA's requirements.  The court has made a de novo determination of all matters to which objection is made.   28 U.S.C. § 636(b)(1).

In its response to Mr. Baker's objections, the government argues for the first time that Mr. Baker's § 2255 motion is time-barred because his sentence enhancement for a "violent felony" was pursuant to the ACCA's "elements clause," 18 U.S.C. § 924(e)(2)(B)(I), not the residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).  According to the government, Mr. Baker's challenge is really based upon Mathis v. United States, 136 S. Ct. 2243 (2016), which is not retroactive and therefore his § 2255 motion is untimely. (Doc. 13 at 4, 1:16-cv-00715-PJK-GBW; Doc. 165 at 4, 1:08-cr-01680-PJK-1); see also United States v. Taylor, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016).

The court need not resolve the government's argument which at a minimum would require a response from Mr. Baker.  Suffice it to say that based upon Tenth Circuit and New Mexico law, it is clear that both offenses challenged here (Armed Robbery and Aggravated Battery (Deadly Weapon)) are "violent felonies" under the ACCA as amplified by Johnson v. United States, 559 U.S. 133, 140 (2010).  See United States v. Harris, 844 F.3d 1260 (10th Cir. 2017) ; United States v. Lujan, 9 F.3d 890, 891-92 (10th Cir. 1993); State v. Bernal, 146 P.3d 289, 296 (N.M. 2006) (approving Lujan's conclusion that robbery is a violent felony because it involves the use or threatened use of

force); United States v. Maldonado-Palma, 839 F.3d 1244, 1250 (10th Cir. 2016) (aggravated assault-deadly weapon is a crime of violence), cert. denied, 2017 WL 388153 (U.S. Feb. 27, 2017); United States v. Ramon Silva, 608 F.3d 663, 671 (10th Cir. 2016) (ACCA and USSG precedents may be consulted in this inquiry).

The court must issue or deny a COA when it enters a final order adverse to the applicant. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant can satisfy this standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After considering the issues raised and their disposition, the court will deny a COA.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Defendant Baker's Objections to the Magistrate Judge's Report and Recommendation filed December 15, 2016 (Doc. 11, 1:16-cv-00715-PJK-GBW) are overruled.

(2) The Proposed Findings and Recommended Disposition of the Magistrate Judge (Doc. 9, 1:16-cv-00715-PJK-GBW; Doc. 163, 1:08-cr-01680-PJK-1) are adopted.

(3) Mr. Baker's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. 1, 1:16-cv-00715-PJK-GBW; Doc. 156, 1:08-cr-01680-PJK-1) is denied.

(4) A certificate of appealability is denied.

(5) A separate judgment shall be entered in the civil case

(1:16-cv-00715-PJK-GBW).

DATED this <u>17th</u> day of March 2017, at Santa Fe, New Mexico.

                                              _/s/ Paul Kelly, Jr._
                                              United States Circuit Judge
                                              Sitting by Designation

Counsel:

Kimberly A. Brawley, Assistant United States Attorney (Damon P. Martinez, United States Attorney), Albuquerque, New Mexico, for Plaintiff.

Scott M. Davidson, JustAppeals.net, The Appellate Law Office of Scott M. Davidson, Ph.D. Esq., Albuquerque, New Mexico, for Defendant.